## Case No. 14,681.

### UNITED STATES v. BUFFALO PARK.

[16 Blatchf. 189; 25 Int. Rev. Rec. 359; 8 Reporter, 582.] [1]

Circuit Court, N. D. New York.    April 16, 1879.

INTERNAL REVENUE — TAX ON GROSS RECEIPTS — PUBLIC EXHIBITION—RACE TRACK.

A corporation which maintains a driving track, with stands and other conveniences for horse-racing, and annually, for several days in succession, devotes such track to horse-racing, and keeps its grounds open, for pay, to the public, and realizes money therefrom, is not liable to a tax on its gross receipts, under section 108 of the act of June 30, 1864 (13 Stat. 276), as conducting a public exhibition of feats of horsemanship, or a show which is opened to the public for pay.

[Cited in The Viola, 59 Fed. 635; The Ceres, 61 Fed. 702.]

At law.

Richard Crowley, U. S. Dist. Atty.

Bass, Cleveland & Bissell, for defendant.

WALLACE, District Judge. This is an action to recover the amount of a tax claimed to be due under section 108 of the act of June 30, 1864 (13 Stat. 276), which provides, that "any person, firm or corporation, * * * conducting or having the management of any theatre. opera, circus, museum, or other public exhibition of dramatic or operatic representations. plays, performances, musical entertainments, feats of horsemanship, acrobatic sports or other shows which are opened to the public for pay. but not including occasional concerts, school exhibitions, lectures or exhibitions of works of art, shall be subject to and pay a duty of two per centum on the gross amount of all receipts derived by such person, firm, company or corporation from . such representations, plays, performances, exhibitions, shows or musical entertainments."

The defendant is a corporation existing under a special act of the legislature of the state of New York, which permits it to acquire land for a public park, and to construct riding and driving tracks and fair or show grounds; and it is authorized to give premiums to encourage competition and improvement in the mechanical arts, in the breed, usefulness, pace and value of horses, cattle and other domestic animals, and in agriculture and horticulture. It is authorized to charge for admission to its grounds. Pursuant to the object of its incorporation the defendant did construct a driving track, with stands and other conveniences for horse-racing, a..d.annually, during the period for which the tax is claimed, for several days in succession, devoted its driving track to horse-racing, and kept its grounds open, for pay, to the public, realizing therefrom the sum of $58,284. The question in the case, and the only question, is, whether such an exhibition is within the statute which imposes the tax. It is an exhibition of feats of horses and not of their riders, and, therefore, not within the statute, as an exhibition of "feats of horsemanship." If such an exhibition is included. it is because it is one of the "other shows which are opened to the public for pay," within the meaning of the statute. If it had been intended to tax the receipts of all public exhibitions, that purpose could have been tersely and completely expressed, without enumerating specifically various kinds of public exhibitions. The enumeration of the specified exhibitions indicates that these were the special subjects of legislative consideration. Some effect, however, must be given to the general descriptive term, "other shows;" otherwise, it would not have been employed. This is done by construing the general term to cover all other exhibitions of a similar kind to those which were present to the legislative contemplation, but not to include such as are not reasonably suggested by those specifically described. In the construction of statutes and of contracts, where general words of description follow particular ones, the general words are controlled and limited by the particular ones, so as to apply to subjects ejusdem generis. Thus, in the case of Sandiman v. Breach, 7 Barn. & C. 96, the statute enacted, that no "tradesman, artificer, workman, laborer, or other person," should do or exercise any worldly business or work of their ordinary callings upon the Lord's day, and it was held that stage drivers were not included in the terms "other persons."

The statute in question forms part of a comprehensive scheme of taxation, one fea-

[1] [Reported by Hon. Samuel Blatchford. Circuit Judge. and here reprinted by permission. 8 Reporter, 582, contains only a partial report.]

ture of which is the taxation of the profits or income of business avocations. Among well recognized business avocations is the management of many kinds of public exhibitions. Other public exhibitions, although conducted for profit in exceptional instances, are not primarily conducted for this end. It is evident that this distinction was present in the minds of the legislature. Operas, museums, circuses and theatres are particularly mentioned in the statute, and they are all of the class of exhibitions ordinarily presented for profit and managed as business ventures. Closely approximating to theatres and operas are "exhibitions of dramatic or operatic representations, plays, performances, musical entertainments," and to circuses are "feats of horsemanship or acrobatic sports," but with differences which suggest the necessity of a particular enumeration. Then, for greater precision, the statute excepts certain entertainments or exhibitions which might otherwise be deemed included in the class described, but which are usually presented not primarily for profit, but for the education and improvement of the public. Thus it seems that the line is quite clearly defined, between exhibitions which are intended by their projectors for profit, and usually managed as business enterprises, and those which are not followed as business avocations. Fairs, industrial exhibitions and entertainments for charitable purposes, are all of them "shows which are opened to the public for pay," but they are not named and are not within the description of the exhibitions taxed. They are as much so, however, as are horse-races, base-ball matches, regattas, or various other "shows," which might have been subjected to tax. The defendant is not liable to a tax.

Judgment is ordered for the defendant.